# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ARNETT COBB,**

      **Petitioner,**

**v.**　　　　　　　　　　　　　　　　　　　　　　**Civil Action No. 1:10cv102**
　　　　　　　　　　　　　　　　　　　　　　　　　　**(Judge Keeley)**

**KUMA DEBOO, Warden,**

      **Respondent.**

## REPORT AND RECOMMENDATION

### I. Procedural History

The petitioner initiated this § 2241 habeas corpus action on July 6, 2010 [dckt. 1], and paid the required filing fee on November 15, 2010 [dckt. 17]. Thus, on November 16, 2010, the undersigned conducted a preliminary review of the file, determined that summary dismissal was not warranted at that time, and directed the respondent to show cause why the petition should not be granted. [Dckt. 18]

On December 2, 2010, the petitioner filed a document titled "Memorandum in Support Motion for Evidentiary Hearing." [Dckt. 19] Because there was no motion for evidentiary hearing, however, the memorandum was construed as a motion and docketed accordingly.

On December 14, 2010, the respondent filed a Motion to Dismiss the petition and memorandum in support. [Dckt. 21 & 22] Because the petitioner is proceeding without counsel in this case, the Court issued a <u>Roseboro</u> Notice on December 15, 2010, advising the petitioner of his right to respond. [Dckt. 26]

On January 3, 2011, the petitioner filed a copy of a letter which purportedly provides background of his incarceration and the sentencing guidelines and policies that were in effect at that

time. [Dckt. 29] Because the petitioner wished to add this letter as an exhibit to his petition, the Court construed the letter as a motion to supplement the petition. The motion was granted on March 29, 2011. [Dckt. 31]

Also on January 3, 2011, the petitioner filed another memorandum in support of motion for evidentiary hearing. [Dckt. 30] The petitioner has not filed a response to the respondent's motion to dismiss.

## II.  Contentions of the Parties

### A.  The Petition

In the petition, the petitioner asserts that the United States Parole Commission unlawfully revoked his parole by using the 2000 parole guidelines instead of the 1987 D.C. Board of Parole guidelines. [Dckt. 1 at 4] In support of his claim, the petitioner asserts that because he was sentenced prior to August 5, 1997, he is subject to the conditions of his parole in effect at the time he was sentenced. Id. at 1-2. Thus, the petitioner argues that the Parole Commission acted unlawfully when it applied guidelines enacted after August 5, 1997 to his parole consideration, and denied him parole. Id. at 2. The petitioner asserts that as a result of the Parole Commission's unlawful action, he has been incarcerated past the minimum sentenced imposed, and requests that the Court order his immediate release to parole. Id. at 2, 7.

### B.  Petitioners' Motion for Evidentiary Hearing

In his motion for evidentiary hearing, the petitioner further explains his claim. Specifically, he asserts that on September 13, 1994, he pleaded guilty to committing crimes while "the controlling parole regulations were the District of Columbia Rules and Regulations on granting parole." [Dckt. 19 at 1] Those rules and policies were implemented in 1987 and emphasized "institutional

2

experience" and "rehabilitation" as the guidelines for granting parole. Id.

However, instead of utilizing the 1987 guidelines at his parole consideration hearings, the Parole Commission applied guidelines that were implemented in 2000, and that are harsher than the 1987 D.C. guidelines. Id. at 1-2. The petitioner asserts that he has served his minimum term of imprisonment, and under the 1987 guidelines, should have been granted parole. Id. at 2. Thus, he asserts that he is entitled to immediate parole and seeks injunctive and declaratory relief to that effect. Id.

C. **The Respondent's Motion to Dismiss**

In her motion to dismiss, the respondent asserts that the Court should not reach the merits of the petitioner's claim, but instead, should either abstain from deciding the issue, or consolidate this case with the petitioner's other pending case, 5:10cv66. [Dckt. 22 at 1-2.] The respondent asserts that the claims raised in the instant case are identical to those raised in 5:10cv66. Id. at 2. Thus, when "parallel litigation is ongoing, the Court should stay a suit and await the outcome of the parallel proceeding as a matter of 'wise judicial administration, giving regard to the conservation of judicial resources and comprehensive disposition of litigation.'" Id. (quoting Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976)).

D. **The Petitioner's Memorandum in Support of Motion for Evidentiary Hearing**

In this document, the plaintiff asserts that his Fifth and Fourteenth due process rights have been violated by the United States Parole Commission. [Dckt. 30 at 1]. More specifically, he asserts that the Parole Commission has a "long practice of applying, on a retroactive basis, parole guidelines that were not in force when I allegedly committed my offenses." Id. at 2. This practice, asserts the petitioner, has resulted in his continued incarceration long past the time he would have served if the

proper guidelines had been applied. Id. at 3. Therefore, he asserts a violation of the Ex Post Facto Clause of the United States Constitution. Id. at 2.

According to the petitioner's memorandum, at the time he committed his crimes, the 1987 D.C. Parole Board guidelines were in effect. Id. at 3. However, on August 5, 1997, Congress enacted the National Capital Revitalization Improvement Act, which abolished the D.C. Parole Board and directed that the Parole Commission conduct all future parole hearings for D.C. Code offenders. Id. at 3-4. Nonetheless, the Act provided that those hearings comport with the D.C. parole regulations. Id. at 4.

Furthermore, the petitioner asserts that the Parole Board published new guidelines in 2000, and then deemed them applicable to any inmate receiving a parole hearing after August 5, 1998. Id. The petitioner asserts that he received his initial parole hearing after August 5, 1998, and that the Parole Board applied its new guidelines. Id. He also notes that the Parole Board's 2000 guidelines are much harsher than the 1987 D.C. parole guidelines. Id. at 17, 22-23. The petitioner argues under the proper guidelines, he is entitled to release on parole and asks the Court to so release him. Id. at 27-28.

### III. Analysis

#### A. The Petition in Case Number 5:10cv66

In the petition in case number 5:10cv66, the petitioner asserts that he was sentenced to a term of 12-36 years on September 13, 1994, in the Superior Court for the District of Columbia. [5:10cv66, Dckt. 1 at 1] Since his incarceration, the petitioner has had several parole hearings. Id. at 2. At his most recent hearing, the petitioner contends he was granted a presumptive parole date of May 7, 2010. Id. However, his case was later reopened and his presumptive parole date rescinded. Id. at

4

3.

The petitioner asserts that the reopening of his case, and recision of his presumptive parole date, violated his constitutional rights under "Article I, sections 9 & 10, with regards to ex post facto and bill of attainder; the First Fifth, Eighth and Fourteenth Amendments to the United States Constitution," have been violated. Id. More specifically, the petitioner asserts that he was sentenced in 1994. Id. At that time, the 1987 and 1991 parole rules were in effect. Id. Nonetheless, at his parole hearings, the Commission has applied the 2000 guidelines. Id. The petitioner argues that those guidelines are not retroactive and cannot be applied to decisions about his parole eligibility. Id.

**B.  Memorandum Opinion and Order Denying Case Number 5:10cv66**

On March 25, 2011, United States District Judge Frederick P. Stamp, Jr., entered an Order denying the petition in case number 5:10cv66. [5:10cv66 at Dckt. 42] In the Order, Judge Stamp determined that the petitioner was alleging that the Parole Commission violated his rights under the Ex Post Facto Clause of the United States Constitution by applying the 2000 regulations to his parole eligibility determination, rather than the 1987 D.C. Parole regulations. Id. at 5. Judge Stamp also noted that the petitioner argued that his due process and equal protection rights were violated by the actions of the Parole Commission, and that he challenged the Revitalization Act as a bill of attainder. Id. at 5-6.

In analyzing the petitioner's claims, Judge Stamp noted that all of the crimes committed by the petitioner occurred prior to the adoption of 2000 regulations. Id. at 8. Moreover, he noted that in 2001, 2004, and 2007, the Parole Commission denied the petitioner parole under the 2000 guidelines. Id. Judge Stamp further noted that this action may have put the petitioner at a

5

"significant risk" of prolonged incarceration. Id. Nonetheless, Judge Stamp determined that even if true, the petitioner could not establish that he was entitled to immediate release to parole. Id. at 9. Instead, Judge Stamp determined that at best, the petitioner would be entitled to reconsideration of his parole eligibility under the 1987 guidelines. Id. However, given that the petitioner had already received such reconsideration on January 14, 2010, and that the Commission's decision to not grant parole was reasonable and fully complied with the 1987 guidelines, Judge Stamp found that the petitioner was not entitled to relief on this claim. Id. at 9-10.

Additionally, Judge Stamp held that the petitioner had failed to state a claim that the Commission's decision to deny the petitioner parole violated his equal protection or due process rights, or that he was discriminated against in violation of 42 U.S.C. § 2000a-3. Id. at 10-11. Lastly, Judge Stamp found that the Revitalization Act is not a bill of attainder and found that the petitioner was not entitled to an evidentiary hearing on any of his claims. Id. at 11-12.

## C. Case Number 1:10cv102

It is clear from an examination of both cases, that case number 1:10cv102 raises the exact same issue raised in 5:10cv66. In fact, case number 5:10cv66 was even more detailed than the instant case. Case number 5:10cv66 has been thoroughly considered on the merits of the petitioner's claims and denied and dismissed with prejudice. Thus, the instant case is duplicative of 5:10cv66, and the petitioner is not entitled to a second review of his claims. Given that the petition in case number 5:10cv66 has been denied and dismissed with prejudice, the respondent's request that this case be stayed or consolidated is moot. Thus, this case should be denied and dismissed with prejudice. See Colorado River Water Conservation Dist. v. United States, *supra*; see also Glumb v. Honsted, 891 F.2d 872, 873 (11th Cir. 1990) (previously adjudicated issues are barred by the

6

successive writ rule and the abuse of the writ doctrine).

## VI. Recommendation

For the reasons stated, the undersigned recommends that the respondent's Motion to Dismiss [dckt. 21] be **GRANTED** and this case be **DISMISSED with prejudice** from the active docket of this Court. The undersigned further recommends that the petitioner's motion for evidentiary hearing [dckt. 19] be **DENIED**.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: March 30, 2011.

DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE