IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ARNETT COBB,**

        Petitioner,

v. // CIVIL ACTION NO. 1:10CV102
                              (Judge Keeley)

**KUMA DEBOO, Warden,**

        Respondent,

### ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. 33), GRANTING MOTION TO DISMISS (DKT. 21), DENYING MOTION FOR EVIDENTIARY HEARING (DKT. 19), AND DISMISSING § 2241 PETITION WITH PREJUDICE

## I. FACTUAL AND PROCEDURAL BACKGROUND

The petitioner, Arnett Cobb ("Cobb"), is currently in the custody of the Bureau of Prisons serving a sentence imposed by the Superior Court of the District of Columbia. On June 14, 2010, he filed an action in this district (Civ. Action No. 5:10cv66)("first petition") seeking relief from the decisions of the United States Parole Commission denying his release. Although Cobb did not specifically reference 28 U.S.C. § 2241, the general federal habeas corpus statute, in his pleading, Magistrate Judge James E. Seibert construed it as such and Senior United States District Judge Frederick P. Stamp, Jr. denied Cobb's petition on March 25, 2011. Cobb has since appealed that decision.

On July 6, 2010, Cobb filed this action ("second petition"), specifically invoking § 2241 and raising the same issues he complained of in his first petition. After the respondent, Kuma

DeBoo, Warden moved to dismiss the second petition based on this duplication, Magistrate Judge David J. Joel issued a Report and Recommendation ("R&R"), concluding that the second petition is barred as duplicative and an abuse of the writ. Cobb filed timely objections to this R&R on April 11, 2011.

## II. ANALYSIS

As a matter of law, the Court reviews de novo the portions of the R&R to which a petitioner specifically objects. Here, it need not address the merits of Cobb's objections because he merely restates his substantive complaints regarding the Parole Commission's denial of his release. His objections never address the key finding of Magistrate Judge Joel in the R&R – that Cobb's petition must be dismissed because it is identical to the allegations in his first petition. Finally, given the Court's denial of the second petition, Cobb's motion for an evidentiary hearing is moot.

## CONCLUSION

The Magistrate Judge correctly recognized in the R&R, and Cobb has failed to dispute, that the claims of his two petitions are identical. Cobb's proper avenue for relief at this juncture is the appeal he has already filed regarding the first petition. The Court

therefore **DISMISSES** his second petition as duplicative and barred by the Court's prior decision, **ADOPTS** the R&R (dkt. 33) in its entirety, **GRANTS** the Respondent's motion to dismiss (dkt. 21), and **DENIES** the motion for an evidentiary hearing (dkt. 19) as **MOOT.**

It is so **ORDERED.**

The Court directs the Clerk to prepare a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se petitioner via certified mail, return receipt requested.

DATED: May 10, 2011.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE